```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BEZALEL GROSSBERGER, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 11-00941 (JBS/AMD) |
| v. | |
|  | **OPINION** |
| ROBERT SALDUTTI, | |
| Defendant. | |

APPEARANCES:

Bezalel Grossberger
117 Forest Park Circle
Lakewood, NJ 08761
    Pro se Plaintiff

Robert Saldutti
SALDUTTI, LLC
800 Kings Hwy., Suite 300
Cherry Hill, NJ 08034
    Pro se Defendant

**SIMANDLE**, District Judge:

I.  **INTRODUCTION**

    Plaintiff Bezalel Grossberger, pro se, filed the instant action against Defendant Robert Saldutti alleging harassment and misrepresentation claims and that the Defendant infringed upon his rights under 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA").

    Presently before the Court is Defendant's motion to dismiss [Docket Item 5]. The Defendant argues that Plaintiff's claims against him are barred by the doctrine of res judicata, because

Plaintiff's suit simply repackages the claims he brought in an earlier state court action which was dismissed with prejudice, or, in the alternative, Plaintiff's complaint should be dismissed for failure to state a valid claim. For the following reasons, the Court will dismiss Plaintiff's claims against Defendant because the Court finds Plaintiff's claims to be barred by the doctrine of <u>res judicata</u>.

**II.   BACKGROUND**

The following are taken from the Complaint and assumed to be true for the purposes of this Opinion, or are contained in public documents, the contents of which are not in dispute, and thus, the Court can consider on a motion to dismiss. <u>Goldenberg v. Indel, Inc.</u>, 741 F. Supp. 2d 618, 624 (D.N.J. 2010). On June 21, 1999, Plaintiff entered into a loan agreement with Sovereign Bank, who subsequently assigned the loan to Brown Bark I LP ("Brown Bark"). Def.'s Br. in Supp. of Mot. to Dismiss 5; Def.'s Br. in Supp. of Mot. to Dismiss Ex. B. Brown Bark, represented by Saldutti LLC and Defendant Robert Saldutti, filed a complaint in New Jersey Superior Court on or around January 24, 2005, in an effort to collect on the loan. On May 24, 2005, a default judgment was entered by the Superior Court of New Jersey in Ocean County against Plaintiff and his business, PR Productions, in

favor of Brown Bark.[1] Def.'s Br. in Supp. of Mot. to Dismiss 5.

The precise collection efforts taken by Defendant are disputed by the parties. Plaintiff alleges that Defendant's collection efforts and communication, on behalf of Brown Bark, were harassing in nature. Defendant describes numerous court/legal procedures by which he attempted to collect.[2] As this matter is before the Court on a motion to dismiss, the Court must take the factual allegations in the Complaint as true, which the Court has done. On or around December 7, 2010, Plaintiff filed a complaint in the Superior Court of New Jersey in Camden County against Defendant "demand[ing] $3,000.00 and alleg[ing] 'unauthorized harassment in attempt to obtain personal information from plaintiff without full disclosure.'" Def.'s Br. in Supp. of Mot. to Dismiss Ex. F.

On or around December 16, 2010, Defendant filed a motion to dismiss Plaintiff's state court complaint. On December 22, 2010, Judge Lee B. Laskin, J.S.C. issued an order dismissing Plaintiff's state court complaint with prejudice. Def.'s Br. in Supp. of Mot. to Dismiss Ex. I.

---

[1] Defendant reports that the judgment was entered by the Superior Court of New Jersey in Camden County. However, as Plaintiff correctly states, the aforementioned action was filed in Ocean County. Resp. to Def.'s Ans. 1.

[2] Defendant issued an "information subpoena" and a "wage notice" against Plaintiff. Def.'s Br. in Supp. of Mot. to Dismiss 6.

On February 22, 2011, Plaintiff commenced the present action by filing his Complaint in this Court. In the present action, Plaintiff asserts that "Defendant is harassing and misrepresenting his identity and purpose when calling for personal information." Compl. ¶ 4. Additionally, Plaintiff asserts that these acts of alleged harassment were for the purpose of "pursuing [the] collection of debt" in violation of the FDCPA. Compl. ¶ 2. Defendant subsequently filed the motion to dismiss that is presently before the Court.

**III. DISCUSSION**

    **A. Standard of Review**

To give Defendant fair notice, and permit early dismissal if the complained-of conduct does not provide adequate grounds for the cause of action alleged, a complaint must allege, in more than legal boilerplate, those facts about the defendant's conduct giving rise to liability. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Fed.R.Civ.P. 8(a) and 11(b)(3). These factual allegations must present a plausible basis for relief (i.e., something more than the mere possibility of legal misconduct). See Ashcroft v. Iqbal, -- U.S. --, --, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009).

In its review of a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., the Court must "accept all factual

allegations as true and construe the complaint in the light most favorable to the plaintiff." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Additionally, a "pro se complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers." Montgomery v. Pinchak, 294 F.3d 492, 500 (3d Cir. 2002) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004).

    **B. Res Judicata**

The Court of Appeals for the Third Circuit has noted that the doctrine of "res judicata protects litigants from the burden of relitigating an identical issue with the same party or his privy and promotes judicial economy by preventing needless litigation." Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir. 2007) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 (1979)) (internal quotations omitted). In applying the doctrine of res judicata, "a federal court must give to a state-court judgment the same preclusive effect as would be given

that judgment under the law of the State in which the judgment was rendered." Walker v. Horn, 385 F.3d 321, 337 (3d Cir. 2004) (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)).

The New Jersey Supreme Court has noted that the purpose of res judicata is to require litigants "to bring all possible claims in one proceeding." McNeil v. Legislative Apportionment Comm'n of State, 177 N.J. 364, 395 (2003) (citation omitted). Under New Jersey law, claim preclusion will prevent a litigant from relitigating disputes that had been resolved in an earlier proceeding if three requirements are met:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.

Watkins v. Resorts Int'l Hotel & Casino, Inc., 124 N.J. 398, 412 (1991) (citations omitted). With regard to the "transaction or occurrence" prong, the Court elaborated, noting that "[c]laim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined." Id.

Defendant has moved to dismiss the instant action on the ground that Plaintiff's now-terminated state court action against him was a final judgment on the merits that bars relitigating the

6

same claims in this case. See Schneider v. United States, Civ. No. 06-3200, 2007 WL 4440976, at *5 (D.N.J. Dec. 17, 2007). Defendant argues that Plaintiff's action is barred by res judicata because Plaintiff's claims in both actions are based on the same claims and were dismissed with prejudice in the prior state court action between the parties. Defendant argues that both of Plaintiff's complaints "raise allegations of defendant's 'harassing' conduct resulting from the identical collection effort[s]." Def.'s Br. in Supp. of Mot. to Dismiss 10. Plaintiff responds asserting that he made no FDCPA claim, nor did he claim misrepresentation in his state court complaint.[3]

The Court agrees with Defendant that Plaintiff's claims against him are precluded by the entry of a final judgment on the merits of his state court case. The first prong of the claim preclusion inquiry — that the judgment in the prior action be valid, final, and on the merits — is clearly satisfied in this case. See Schneider, 2007 WL 4440976, at *5 (holding that the state court's order dismissing the plaintiff's claims with prejudice was "valid, final, and on the merits"). Here, the New

---

[3] In his Response to Defendant's Brief, Plaintiff further asserts procedural arguments including, among other things, that the "[i]nformation subpoena [was] not served correctly," and Defendant did not send timely notice of the state court's dismissal to Plaintiff. Resp. to Def.'s Ans. 1. The Court concludes that these arguments concern, at most, Plaintiff's rights on appeal of his state court action, but do not appear to affect the finality of the state court judgment.

Jersey Superior Court ordered that Plaintiff's state court action be terminated with prejudice. A "dismissal 'with prejudice' is treated as an adjudication of the merits and thus has preclusive effect." Fairbank's Capital Corp. v. Milligan, 234 F. App'x. 21, 23 (3d Cir. 2007)(citing Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972)). The state court's order thus was a final judgment on the merits of Plaintiff's claims.

The second prong of the res judicata analysis, the identity of the parties in both actions, is likewise satisfied in this case. The identity and alignment of the parties to the state court action are the same in the instant case — Mr. Grossberger is the sole plaintiff in this action as he was in state court, and the defendant sued in state court, Mr. Saldutti, is the sole defendant in this lawsuit. Therefore, the Court finds that the second prong of the res judicata inquiry is satisfied in this case.

Lastly, the Court agrees with Defendant that Plaintiff's claims in this case "grow out of the same transaction or occurrence as the claim[s]" litigated in the state court action. Watkins, 124 N.J. at 412. The underlying set of facts giving rise to Plaintiff's cause of action in both cases is identical. In both his state and federal complaint, Plaintiff alleges that Defendant did not entirely disclose his identity and harassed Plaintiff during Defendant's collection efforts. At the heart of

both suits are Plaintiff's claims resulting from Defendant's allegedly wrongful collection efforts. Thus, while Plaintiff styles his claim in the instant action as, in part, a claim under the FDCPA while he styled his state court action as simple harassment, the "wrongful acts" complained of are identical in both the instant action and the prior state action.

In state court, Plaintiff argued that "in [an] attempt to obtain personal information" Defendant "harass[ed]" Plaintiff "without full disclosure". Def.'s Br. in Supp. of Mot. to Dismiss Ex. F. In this action Plaintiff alleges that Defendant's attempts to collect violated federal law under the FDCPA, and additionally were "harassing and misrepresenting his identity." Resp. to Def.'s Ans. 1. This District has held that a

> [p]laintiff's reference to new statutory bases for recovery in [a subsequent] action does not serve to create a new 'transaction or occurrence' for claim preclusion purposes, because the focus of the claim preclusion inquiry is on the congruence of the factual, rather than the legal, underpinnings of the plaintiff's suits.

Schneider, 2007 WL 4440976, at *5 (citing McNeil, 177 N.J. at 395). As the New Jersey Supreme Court explained, "[i]f, under various theories, a litigant seeks to remedy a single wrong, then that litigant should present all theories in the first action. Otherwise, theories not raised will be precluded in a later action." McNeil, 177 N.J. at 395 (quoting Watkins, 124 N.J. at 413). Since an FDCPA claim may be brought in "any appropriate

9

United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurred," 15 U.S.C. § 1692k (West 2010), Plaintiff was free to present his additional arguments in his state court action. See also FinanceCo of Kansas, Inc. v. Ledin, 231 P.3d 1086 (Kan. Ct. App. 2010) (holding that the Kansas state court "[c]learly . . . had subject matter jurisdiction over the [FDCPA] action"); Pache Mgmt. Co., Inc. v. Lusk, No. 96APE10-1302, 1997 WL 254096, at *4 (Ohio Ct. App. May 15, 1997) (noting that "15 U.S.C. § 1692k(d) provides for state court jurisdiction over FDCPA actions"). Thus, the Court finds that the third prong of the res judicata inquiry is satisfied in this case.

The Court finds that in the prior state court proceedings, a final judgment on the merits was rendered regarding the dispute between Plaintiff and Defendant on the same transaction or occurrence underlying the instant lawsuit. The Court accordingly holds that the doctrine of res judicata bars Plaintiff's claims against Defendant in this case, and will grant Defendant's motion to dismiss.

**IV. CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's motion to dismiss Plaintiff's claims against him. The

accompanying Order will be entered.

**October 5, 2011**             **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                 United States District Judge