IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEZALEL GROSSBERGER, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 11-0941 (JBS/AMD) |
| v. | |
| ROBERT SALDUTTI, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE**, Chief Judge:

   This matter is before the Court upon Plaintiff Bezalel Grossberger's motion seeking an order "to re-instate [the] case" against Defendant Robert Saldutti. [Docket Item 9]. On October 5, 2011, the Court dismissed this case based on the doctrine of res judicata. See Grossberger v. Saldutti, Civ. No. 11-00941, 2011 WL 4729025 (D.N.J. Oct. 5, 2011). The Court finds as follows:

   1. On December 7, 2010, Plaintiff, proceeding pro se, filed a complaint in the Superior Court of New Jersey in Camden County against Defendant demanding $3,000.00 and alleging unauthorized harassment in an attempt to obtain personal information from Plaintiff without full disclosure. Grossberger, 2011 WL 4729025, at *1. On December 22, 2010, Judge Lee B. Laskin, J.S.C. issued an order dismissing Plaintiff's state court complaint with prejudice. Id.

2.   On February 22, 2011, Plaintiff filed his Complaint in this Court [Docket Item 1], alleging that Defendant was harassing Plaintiff and misrepresenting his identity and purpose when calling him for personal information, and infringed upon Plaintiff's rights by pursuing the collection of debt in violation of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA").  Compl. ¶¶ 2-4.  Defendant subsequently filed the motion to dismiss based on, among other things, res judicata. [Docket Item 5].

3.   In its October 5, 2011 Opinion [Docket Item 7], the Court determined that (1) "[t]he state court's order . . . was a final judgment on the merits of Plaintiff's claims"; (2) "[t]he identity and alignment of the parties to the state court action [were] the same in" the state court case and the instant case; and (3) "Plaintiff's claims in this case [grew] 'out of the same transaction or occurrence as the claim[s]' litigated in the state court action." Grossberger, 2011 WL 4729025, at *3 (quoting Watkins v. Resorts Int'l Hotel & Casino, Inc., 124 N.J. 398, 412 (1991)).  Therefore, the Court dismissed Plaintiff's claims based on the doctrine of res judicata.  Id. at *4.

4.   Plaintiff subsequently filed the instant motion to reinstate his case.  [Docket Item 9].  Plaintiff provides no brief in support of his motion.  Plaintiff merely submits a bare Notice of Motion without any accompanying statement of why the

2

motion should be granted.  His notice reads as follows:

> PLEASE TAKE NOTICE Bezalel Grossberger will move before the Honorable Judge Jerome B. Simandle, U.S.D.J. on November 21st 2011 for an Order to re-instate case.
>
> In support of my motion, I will rely on the attached brief (if necessary).

Pl's Notice of Mot. at 1.

5.   Shortly thereafter, Defendant filed opposition to the motion, construing the motion as one seeking reconsideration and arguing that Plaintiff's claims are the same as those previously raised.  [Docket Item 10].

6.   The Court will deny Plaintiff's motion as procedurally defective, as it contains no supporting brief or statement in lieu of brief, as required under Local Civil Rule 7.1(d)(1),(4).  See U.S. Small Business Admin. v. Klein, Civ. No. 08-1964, 2009 WL 1457119 at *2 (D.N.J. May 26, 2009) (holding motion lacking brief or statement in lieu as procedurally defective); Developers Surety & Indemnity, Co. v. NDK General Contractors, Inc., Civ. No. 06-0086, 2007 WL 542381, at *2 (D.N.J. Feb. 15, 2007).

7.    Alternatively, were the Court to consider the motion on the merits and construe it as a motion for reconsideration, as Defendant does, the Court would likewise deny the motion. Generally, a motion for reconsideration in this District is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b).  United States v. Compaction Sys. Corp.,

88 F. Supp. 2d 339, 345 (D.N.J. 1999).  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001).

8. "[R]econsideration is an extraordinary remedy, that is granted very sparingly." Brackett v. Ashcroft, Civ. No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct.7, 2003) (internal quotations omitted).  The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  There are three grounds upon which a court may grant a motion for reconsideration: "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Carmichael v. Everson, Civ. No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004).  Mere disagreement with a decision "should be dealt with in the normal appellate process, not on a motion for reargument under [the] Local Rule." Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988).

9. Plaintiff does not argue in his motion that the Court applied the wrong legal standard, that there has been an intervening change in the law or that the Court overlooked any

4

factual matters that were properly before the Court on the motion to dismiss.  Rather, Plaintiff submits a Notice of Motion with no supporting brief or accompanying statement as to why a brief is not necessary.  Thus, the Court is unable to ascertain any errors contained in its Order dismissing this action.  It would appear that Plaintiff simply disagrees with this Court's ruling, but he may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

    10.  For the reasons explained above, the Court will deny Plaintiff's motion.  The accompanying Order will be entered.


**April 12, 2012**         **s/ Jerome B. Simandle**
Date            JEROME B. SIMANDLE
                Chief U.S. District Judge